UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:23-cv-00784-SEP |
| ) | |
| PNC BANK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Sidney Keys's motion for leave to proceed *in forma pauperis*, Doc. [2]. The motion is granted because Plaintiff is unable to pay the filing fee. But for the reasons set forth below, the action is dismissed.

### FACTS AND BACKGROUND

Plaintiff filed the Complaint against "PNC Bank Entire Entity," alleging racial discrimination. Doc. [1] at 2, 5. Plaintiff claims that he "applied for a secured credit card at PNC Bank with $300.00 cash." *Id.* at 5. Plaintiff gave the bank manager $400 cash to raise the card's limit to $700, but the manager said he did not know how to do that. Plaintiff went to a different PNC Bank branch to attempt to raise his credit limit, and the manager there asked him how long he had possessed the credit card. Plaintiff replied, "7 months 'with no late payments.'" *Id*. The manager then gave Plaintiff a customer service number.

Plaintiff applied for a credit increase and received a letter denying his application because his credit score was 441. *Id.* Plaintiff protests that his credit scores were higher. *Id.* Plaintiff also states that PNC Bank denied him a V.A. home loan and denied him a home equity loan even though his house was fully paid off. *Id.* Plaintiff does not explain the reason for either denial. As relief, Plaintiff seeks "whatever monetary compensation deem[ed] necessary and fair by the jury." *Id.* at 4.

### LEGAL STANDARD

The Court must review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate; it must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.  The Court must assume the veracity of well-pled facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555); *see also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" (alteration in original) (quoting *Iqbal*, 556 U.S. at 678)).

Courts liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints "must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (per curiam).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules "to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

Plaintiff identifies racial discrimination as the basis of his claims.  Section 1981 of Title 42 of the United States Code provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts."  42 U.S.C. § 1981(a).  To "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits,

privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).  To assert a prima facie § 1981 claim, Plaintiff must allege, among other things:  (1) he was a member of a protected class; and (2) defendants acted with discriminatory intent.  *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023).

Plaintiff does not identify his race or state that he belongs to a protected class.  The Court will not assume facts Plaintiff has not alleged.  *See Stone*, 364 F.3d at 914-15.  Even if Plaintiff had identified his race, though, the Complaint contains no allegations that would establish discriminatory intent by Defendant.  Plaintiff's allegations establish that one bank manager did not raise his credit limit because he did not know how to do it and that another bank manager asked him a race-neutral question and gave him a telephone number.  Plaintiff states that "PNC Bank Headquarters" denied him credit approval, and "PNC Bank" denied him a V.A. home loan and a home equity loan.  Those facts do not license an inference of discriminatory intent.

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that it fails to state a plausible claim of racial discrimination under § 1981.  Plaintiff does not identify, nor can the Court discern, any other potential theory of recovery.  The case is therefore dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of November, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE